**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **LGRT PRO LLC,** <br><br>         **Plaintiff,** <br>   v. <br><br> **FINK'S JEWELERS, INC.,** <br><br>         **Defendant.** | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff LGRT Pro LLC ("LGRT"), by and through the undersigned counsel, alleges as follows:

### THE PARTIES

1. LGRT is a Texas limited liability company with a place of business located at 3401 Custer Road, Suite 125-D, Plano, Texas 75023.

2. Defendant Fink's Jewelers, Inc. ("Defendant") is a Virginia corporation with a principal place of business at 3545 Electric Road, Roanoke, Virginia 24018.

### JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, (i) Defendant conducts substantial business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the infringements alleged herein occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under §§ 1391(b), (c), and 1400(b).

**THE PATENT-IN-SUIT**

7. On May 17, 2005, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,895,554 (the "554 patent"), entitled "Method of Document Assembly." A true and correct copy of the 554 patent is attached hereto as Exhibit A.

8. LGRT is the assignee and owner of the right, title, and interest in and to the 554 patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement thereof.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,895,554**

9. LGRT incorporates by reference each of its allegations in paragraphs 1 to 8 herein.

10. Without license or authorization and in violation of 35 U.S.C. § 271(a) and (b), LGRT is informed and believes, and thereupon alleges, that (i) Defendant has infringed and continues to infringe one or more claims of the 554 patent in this District, literally and/or under the doctrine of equivalents, and additionally and/or in the alternative, (ii) Defendant has actively induced and continues to actively induce the infringement of one or more claims of the 554 patent in this District and elsewhere in the United States.

11. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the 554 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling within this Judicial District and elsewhere in the United States, a computer implemented system for assembling an electronic document to, for example, open or initialize a document having at least one live data field where customers are instructed to provide their billing and/or shipping information; initialize a record in computer memory for each live data field insert user-provided data, such as shipping and/or billing information, into a first data field; and insert data from the first live data field into a second live data field based on the type of information to be stored in each field, such as a name, street address, city, state, zip code, and/or telephone number. Such a system is an integral part of Defendant's http://www.finks.com/ electronic commerce website.

12.     Additionally and/or in the alternative, on information and belief, Defendant has actively induced and continues to actively induce the infringement of one or more claims of the 554 patent in violation of 35 U.S.C. § 271(b) by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others, such as its customers, to make, use, offer for sale, and/or sell portions of a computer implemented system that infringes one or more claims of the 554 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

13.     On information and belief, Defendant has had knowledge of the 554 patent at least as early as the date it received a copy of this Complaint.  Additionally, at least as early as that date, Defendant knew or should have known that its continued offering, use, deployment, and/or operation of the at least one computer implemented system and its continued support of others, such as its customers, if those parties perform any limitations of one or more of the claims of the 554 patent, would induce direct infringement of the 554 patent.

14.     LGRT is entitled to recover from Defendant the damages sustained by LGRT as a result of Defendant's infringement of the 554 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, LGRT requests that this Court enter judgment against Defendant as follows:

A.      Judgement that Defendant has infringed the 554 patent;

B.      An accounting of all infringing acts including, but not limited to, those acts not presented at trial.

C.      An award of damages to be paid by Defendant adequate to compensate LGRT for Defendant's past and future infringement of the 554 patent, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs under 35 U.S.C. § 284;

    D.    Judgement that this case is exceptional and an award of LGRT's reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

    E.    An award to LGRT of such further relief at law or in equity as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff LGRT demands a trial by jury on all claims and issues so triable.

Dated: May 22, 2015

Respectfully submitted,

By: */s/ Peter J. Corcoran, III*
Peter J. Corcoran, III – Lead Attorney
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2509 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*LGRT Pro LLC*